# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-2039

_____

| | | |
|---|---|---|
| Tony Hulstein, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Drug Enforcement Administration, | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: December 15, 2011
Filed: March 2, 2012

_____

Before LOKEN, BRIGHT, and SHEPHERD, Circuit Judges.

_____

BRIGHT, Circuit Judge.

Appellee Tony Hulstein brought suit under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, against appellant Drug Enforcement Administration (DEA) seeking unredacted versions of two DEA reports. The DEA now appeals the district court's order partially granting summary judgment in favor of Hulstein. For the following reasons, we reverse.

## I. BACKGROUND

In 2009, Hulstein was charged with dealing firearms without a federal firearms license. In preparation for the case, Hulstein learned that the DEA had previously

investigated him for drug activities, and based on that information, Hulstein filed a FOIA request for the records of any investigations.[1] The DEA released two investigative reports—one from 1990 and the other from 2008. However, the DEA also redacted significant portions of the reports under several FOIA exemptions.

Hulstein sought to obtain unredacted versions of the reports and, after exhausting his administrative remedies, filed suit in federal court under 5 U.S.C. § 552(a)(4)(B). Hulstein and the DEA filed cross-motions for summary judgment, and the district court heard arguments in a telephonic hearing. On March 11, 2011, the district court granted Hulstein's motion in part, denied it in part, and reserved ruling on several sections pending the submission of unredacted versions of the documents for <u>in camera</u> review. After its review, the district court ordered disclosure of several other sections of the reports in a supplemental order filed with the judgment on March 22, 2011. In total, the district court ordered the DEA to disclose the names and signatures of DEA agents (or special agents) in both reports, the "Details" section of the 1990 report, most of the first sentence in paragraph 3 of the 2008 report, and paragraph 7 of the 2008 report. The DEA appeals the district court's orders with regard to each section except the first sentence in paragraph 3 of the 2008 report.

## II. DISCUSSION

The DEA argues that FOIA exemptions 7(C), 7(D), and 7(F) apply to various portions of the redacted information. We review the applicability of FOIA exemptions de novo. <u>Peltier v. Fed. Bureau of Investigation</u>, 563 F.3d 754, 762 (8th Cir. 2009).

---

[1]Hulstein was never charged in connection with these investigations.

## A. Exemption 7(D)

The DEA argues that the "Details" section of the 1990 report was provided by a source who had an assurance of confidentiality and is therefore exempt under section 7(D). Hulstein responds that the DEA must make a fact-related showing that the source was a confidential informant, which they failed to do, therefore the information must be disclosed.

"Congress intended FOIA to permit access to official information long shielded unnecessarily from public view." Milner v. Dept. of Navy, 131 S. Ct. 1259, 1262 (2011) (quotation omitted). "FOIA thus mandates that an agency disclose records on request, unless they fall within one of nine exemptions. These exemptions are explicitly made exclusive and must be narrowly construed." Id. (quotations omitted).

Exemption 7(D) covers:

> records or information compiled for law enforcement purposes, but only to the extent that the production . . . (D) could reasonably be expected to disclose the identity of a confidential source . . . and, in the case of a record or information compiled by criminal law enforcement authority in the course of a criminal investigation . . . information furnished by a confidential source.

5 U.S.C. § 552(b)(7)(D). The exemption can be divided into two separate sections—the first exempting information that could reveal the identity of a confidential source, and the second exempting information provided by a confidential source to law enforcement in the course of a criminal investigation. The government has the burden of establishing that the exemption applies. 5 U.S.C. § 522(a)(4)(B).

In United States Dep't of Justice v. Landano, the Supreme Court settled a circuit split over whether the FBI was entitled to a presumption of confidentiality for all sources providing information in the course of a criminal investigation. 508 U.S.

165, 167 (1993). After noting a brief history of exemption 7(D), the Court stated that a confidential source was "within the meaning of Exemption 7(D) if the source 'provided information under an express assurance of confidentiality or in circumstances from which such an assurance could be reasonably inferred.'" Id. at 172 (quoting S. Rep. No. 93–1200, at 13, U.S. Code Cong. & Admin. News pp. 6267, 6291).

The Court also stated that "the Government is not entitled to a presumption that a source is confidential within the meaning of Exemption 7(D) whenever the source provides information to the FBI in the course of a criminal investigation." Id. at 181. However, the Court did not go so far as to require the FBI to make "detailed explanations relating to each alleged confidential source." Id. at 170–71 (quotation omitted). Instead, the Court concluded that more narrowly defined circumstances could be "generic circumstances in which an implied assurance of confidentiality fairly can be inferred." Id. at 179. As examples of such circumstances, the Court noted the nature of the crime investigated and the witness's relationship to the crime. Id.

In this case, the district court rejected the argument that the information could reveal the identity of a confidential source, but did not address whether there was an implied assurance of confidentiality based on the circumstances. We need not address whether the redacted information in the 1990 report could reveal the identity of the source because we determine that an implied assurance of confidentiality rests on the nature of the alleged crime and the witness's relationship to the crime.

The DEA is not required to make a detailed explanation regarding the alleged confidentiality of each source. See id. After Landano, other courts have also concluded that "the violence and risk of retaliation that attend [drug trafficking] warrant an implied grant of confidentiality for such a source." Mays v. Drug Enforcement Admin., 234 F.3d 1324, 1329 (D.C. Cir. 2000) (concluding there was an implied grant of confidentiality for a source who provided information about a

conspiracy to distribute crack and powder cocaine); see also, U.S. Dep't of Justice, Guide to the Freedom of Information Act 618–19 n.63 (2009) (listing cases).

The risk of retaliation against the source is supported by the unredacted portion of the 1990 report and the nature of the alleged crime the DEA was investigating. Such a risk still exists, and warrants an implied grant of confidentiality, even after the passage of time and whether or not the allegations were acted upon by the authorities. In addition, the redacted portion of the 1990 report independently supports the DEA's argument that there was an implied assurance of confidentiality with the source. Therefore, we reverse the district court's ruling for disclosure of the "Details" section of the 1990 report, and conclude that the redaction is appropriate under exemption 7(D).

B. Exemption 7(C)

The DEA withheld the names and signatures of law enforcement personnel from both reports, and paragraph 7 of the 2008 report under exemption 7(C).[2] Exemption 7(C) covers information compiled for law enforcement purposes that "could reasonably be expected to constitute an unwarranted invasion of personal privacy[.]"  5 U.S.C. 552(b)(7)(C).  The law enforcement exemption for personal privacy offers more protection from disclosure than the more general personal privacy exemption in FOIA.  Compare 5 U.S.C. § 552(b)(7)(C) (quoted above) with 5 U.S.C. § 552(b)(6) (requiring a "clearly unwarranted invasion of personal privacy"); see also Nat'l Archives & Records Admin. v. Favish, 541 U.S. 157, 165–66 (2004).

_____

[2]The DEA also argued that the "Details" section of the 1990 report is covered by exemption 7(C) and that all of the withheld information is covered by exemption 7(F).  See 5 U.S.C. § 522(b)(7)(F) (exempting information that "could reasonably be expected to endanger the life or physical safety of any individual.")  We decline to reach these arguments.  Only one exemption is necessary for redaction, and we conclude that the information is covered by other exemptions.

This court has previously upheld the withholding of names of state and local law enforcement personnel from FBI reports noting that "[t]hese persons have 'well-recognized and substantial privacy interests in the withheld information.'" Peltier, 563 F.3d at 762 (quoting Neely v. Fed. Bureau of Investigation, 208 F.3d 461, 464 (4th Cir. 2000); see also Sussman v. United States Marshal Service, 494 F.3d 1106, 1115 (D.C. Cir. 2007). The Fourth Circuit elaborated, "[a]mong other things, these individuals have a substantial interest in the nondisclosure of their identities and their connection with particular investigations because of the potential for future harassment, annoyance, or embarrassment." Neely, 208 F.3d at 464–65 (citing cases).

The general rule is that when documents are within a disclosure provision of FOIA, a citizen is not required to provide a reason why they seek the information. Favish, 541 U.S. at 172. FOIA is meant to ensure citizens know "what their Government is up to." Id. at 171 (quotation omitted). However, under exemption 7(C), "the statute requires us to protect, in the proper degree, the personal privacy of citizens against the uncontrolled release of information compiled through the power of the State," and "the usual rule that the citizen need not offer a reason for requesting the information must be inapplicable." Id. at 172.

If a legitimate privacy interest is implicated under exemption 7(C), the individual making the FOIA request can trigger a balancing of public interests with the privacy interests by (1) "show[ing] that the public interest sought to be advanced is a significant one, an interest more specific than having the information for its own sake," and (2) " show[ing] the information is likely to advance that interest." Id. If the requester is claiming government wrongdoing, then the individual must "produce evidence that would warrant a belief by a reasonable person that the alleged Government impropriety might have occurred." Id. at 174; see also Boyd v. Criminal Div. of the United States Dep't of Justice, 475 F.3d 381, 386–87 (D.C. Cir. 2007).

Hulstein presented no public interest to weigh against the agents' recognized privacy interests in their involvement in a particular investigation, nor offered any

evidence of government impropriety beyond casting general aspersions on the fact that the DEA was investigating him.  See id.  Absent any such allegations, the names of the agents involved in the investigation should remain confidential—"something, even a modest privacy interest, outweighs nothing every time."  See Nat'l Ass'n of Retired Fed. Emps. v. Horner, 879 F.2d 873, 879 (D.C. Cir. 1989).  Therefore, we reverse the district court's ruling related to the disclosure of the names and signatures of law enforcement personnel.

Exemption 7(C) also covers other persons mentioned in law enforcement records, including suspects, witnesses, and informants.  Sussman, 494 F.3d at 1115.  A citizen's right to be informed about their Government's actions "is not fostered by disclosure of information about private citizens . . . that reveals little or nothing about an agency's own conduct."  United States Dep't of Justice v. Reporters Comm. for Freedom of Press, 489 U.S. 749, 773 (1989).

An in camera review of paragraph 7 of the 2008 report shows that the withheld information could be used to identify a private individual and, therefore, triggers the privacy concerns under exemption 7(C).  The information also casts minimal light on the DEA's conduct and would reveal nothing meaningful about the DEA's performance of its statutory duties.  Absent any allegations of government wrongdoing in the investigation, the privacy interests of the private citizen in paragraph 7 of the 2008 report outweigh any public interest in the disclosure of the paragraph.  Therefore, we also reverse the district court's ruling related to paragraph 7 of the 2008 report.

## III.  CONCLUSION

For the foregoing reasons, we reverse the judgment of the district court.

_____